**14 CV 0699**

JUDGE SEIBEL

Graham H. Claybrook
S. Amy Spencer
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
gclaybrook@mcguirewoods.com
ASpencer@mcguirewoods.com

*Attorneys for Defendant Nationstar Mortgage LLC*

RECEIVED FEB 03 2014 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ISAAC TENENBAUM,

             Plaintiff,

v.

NATIONSTAR MORTGAGE, AND BANK OF
AMERICA

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. _____

Removed from Supreme Court of the
State of New York, Rockland County
Index No. 036427/13

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Nationstar Mortgage LLC[1] ("Defendant" or "Nationstar"), by their counsel, McGuireWoods LLP, submit this Notice of Removal from the Supreme Court of the State of New York, Rockland County, in which the above-captioned case is now pending, to the United States District Court for the Southern District of New York and, in support of said notice, state as follows:

Removal is based upon diversity jurisdiction because Plaintiff Isaac Tenenbaum ("Plaintiff") and all properly joined defendants have complete diversity of citizenship and the

---

[1] Plaintiff's Summons and Complaint names "Nationstar Mortgage", which is not a legal entity. Defendant presumes that Plaintiff intended to name Nationstar Mortgage LLC, and it appears in and defends this action as such. See Exh. A (hereinafter "Complaint" or "Compl.") ¶ 13 (alleging that "Bank of America transferred the servicing of certain of its mortgage loans to Nationstar Mortgage LLC.").

1

amount in controversy exceeds $75,000. In support of this Notice of Removal, Nationstar states as follows:

### I. Background

1. This action, styled *Isaac Tenenbaum, vs. Nationstar Mortgage and Bank of America*, Index No. Index No. 036427-13, was filed in the Supreme Court of the State of New York, Rockland County on or about December 23, 2013.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Nationstar are attached collectively as **Exhibit A**.

3. Nationstar was served with a copy of the Complaint and Summons on or about January 3, 2014.

4. Bank of America, N.A. ("BANA")[2] consents to this removal.

### II. This Notice of Removal is Timely Filed in the Proper Venue

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6. A copy of the Summons and Complaint was served upon Nationstar and upon BANA on January 3, 2014. See Exhibit A, Dkt. Nos. 2-3 (Plaintiff's filed certifications of service).

7. The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed on or prior to the thirtieth day after service was effectuated.

8. The United States District Court for the Southern District of New York is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal

---

[2] Plaintiff's Summons and Complaint names "Bank of America", which is not a legal entity. Nationstar presumes that Plaintiff intended to name Bank of America, N.A. See Compl., ¶12 (alleging that "Countrywide merged into Bank of America, N.A.").

2

district court that embraces the place where the original action was filed and is pending. 28 U.S.C. § 90(a)(2).

### III. This Court Has Diversity Jurisdiction

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and the defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

10. Plaintiff is a citizen of the State of New York. (Compl. ¶ 1).

11. Nationstar is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Lewisville, Texas. The managing members of Nationstar are domiciled in Lewisville, Texas. Thus, Nationstar is considered a citizen of both Delaware and Texas for diversity of citizenship purposes. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

12. BANA is a national bank with its main office in North Carolina. For purposes of diversity of citizenship, a national bank is a citizen of the state in which it main office, as set forth in its articles of association, is located. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). Accordingly, BANA was at the time of the commencement of this action, and is at the present time, a citizen of North Carolina.

13. Therefore, complete diversity of citizenship exists between Plaintiff and the defendants.

14. In addition, the amount in controversy is met because Plaintiff (1) seeks to set aside a mortgage or mortgages (Plaintiff's exact request is unclear) on his property valued at greater than $75,000.00 and (2) seeks an order forever barring defendants from foreclosing on said mortgage or mortgages. See Compl., ¶¶ 5, 8 (identifying mortgages for loans in the

respective amounts of $230,000 and $245,000); see also id., ¶ 18 (stating that these mortgages remain "a lien of record") and 22 (Plaintiff is seeking "a determination that he holds fee simple title to the Real Property free of one or more of the purported adverse claims of Defendants").

15. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Com'n, 432 U.S. 333, 347 (1977). The Second Circuit has observed that "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." Kheel v. Port of N.Y. Auth., 457 F.2d 46, 49 (2d Cir.1972) (internal quotations omitted). As the suit by its very terms seeks to set aside mortgages in the respective amounts of $230,000 and $245,000, the amount in controversy is $475,000.00.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

16. Written notice of the filing of this Notice of Removal will be served upon Plaintiff.

17. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed contemporaneously with the Clerk of the Supreme Court of the State of New York, Rockland County, and served upon all parties of record. *See* Notice of Filing of Removal, attached as **Exhibit B.**

WHEREFORE, Nationstar respectfully requests the above-captioned action now pending in the Supreme Court of New York, Rockland County, be removed to the United States District Court for the Southern District of New York, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Date:   February 3, 2014

*S. Amy Spencer*
Graham H. Claybrook
**MCGUIREWOODS LLP**
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
gclaybrook@mcguirewoods.com
ASpencer@mcguirewoods.com

*Counsel for Defendant Nationstar Mortgage LLC*

TO:
Joseph J. Haspel, Esq.
1 West Main Street
Goshen, New York 10924
*Attorney for Plaintiff*

Graham H. Claybrook
S. Amy Spencer
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
gclaybrook@mcguirewoods.com
Aspencer@mcguirewoods.com
*Attorneys for Defendant Nationstar Mortgage LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ISAAC TENENBAUM,

        Plaintiff,

v.

NATIONSTAR MORTGAGE, AND BANK OF
AMERICA

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. _____

Removed from Supreme Court of the
State of New York, Rockland County
Index No. 036427/13

**CERTIFICATE OF SERVICE**

      I am a member of the Bar of this Court and an employee of McGuireWoods LLP, attorneys for defendant Nationstar Mortgage LLC[1] (hereinafter "Nationstar"). I hereby certify that on February 3, 2014, a true and correct copy of Nationstar's Notice of Removal with exhibits, Notice of Removal to State Court and Rule 7.1 Disclosure Statement were duly served by U.S. Mail on the attorneys for plaintiff Isaac Tenenbaum at the address set forth below:

        Joseph J. Haspel, Esq.
        1 West Main Street
        Goshen, New York 10924
        *Attorney for Plaintiffs*

Dated: New York, New York
       February 3, 2014

                                      /s/ S. Amy Spencer
                                      S. Amy Spencer

---

[1] Plaintiff's Summons and Complaint names "Nationstar Mortgage", which is not a legal entity. Defendant presumes that Plaintiff intended to name Nationstar Mortgage LLC and appears in and defends this action as such.

# EXHIBIT A

0608516720

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Rockland
--------------------------------------------------------------X

Isaac Tenenbaum

                                    Plaintiff/Petitioner,

                - against -                                Index No. 036407/13

Nationstar Mortgage and Bank of America

                                  Defendant/Respondent.
--------------------------------------------------------------X

RECEIVED JAN 03 2014 BY:___

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

    The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

    Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: December 23, 2013

_____ (Signature)

Joseph J. Haspel (Name)

Joseph J. Haspel, PLLC (Firm Name)

1 West Main Street (Address)

Goshen, New York 10924

845-294-8950/845-694-4409 (Phone)

jhaspel@haspellaw.net (E-Mail)

To:    Nationstar Mortgage

        Bank of America

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------X
ISAAC TENENBAUM,

        Plaintiffs,

- against -

NATIONSTAR MORTGAGE and
BANK OF AMERICA

        Defendants.
----------------------------------------X

Date Filed: 12/23/13

Index No. 036487/13

**SUMMONS**

The Plaintiff designates
Rockland County as the
Place of trial
The basis of venue is
location of the property
Which is the subject matter
herein

THE ABOVE-NAMED DEFENDANT(S):

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if the Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you on default for the relief demanded in the Complaint.

DATED:    December 23, 2013
           Goshen, New York

                                        Respectfully Submitted,

                                        Joseph A. Haspel, Esq.
                                        Attorneys for Plaintiff
                                        1 West Main Street
                                        Goshen, New York 10924

TO:    Nationstar Mortgage

        Bank of America

Joseph J. Haspel, Esq.
Attorney for Plaintiff
1 West Main Street
Goshen, New York 10924
Tel. (845) 694-4409

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------X

ISAAC TENENBAUM,

        Plaintiffs,

        against —

NATIONSTAR MORTGAGE and
BANK OF AMERICA

        Defendants.

---------------------------------------X

Index No.: 036407/13

**COMPLAINT**

The Plaintiffs, Isaac Tenenbaum, by and through his attorney, Joseph J. Haspel, Esq., as and for his Complaint herein, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times herein after mentioned, the Plaintiff, Isaac Tenenbaum ("Tenenbaum") was and still is the owner of a parcel of Real Property known as 3 Augusta Avenue, Monsey, Rockland County, New York (the "Real Property").

2. Defendant, Nationstar Mortgage ("Nationstar") is a corporation with its principal place of business located at Irving, Texas.

3. Defendant, Bank of America is a national banking company with offices throughout the United States.

4. At all times relevant, Tenenbaum was the owner of the Real Property.

5.  On or about March 6, 2002, Tenenbaum borrowed $230,000.00 from an entity known as First Financial Equities, Inc., a corporation existing under the laws of the State of New York ("First Financial").

6.  On or about March 6, 2002, Tenenbaum and entered into a mortgage agreement with First Financial to secure the Note ("Mortgage 1").

7.  First Financial recorded Mortgage 1 with the Clerk of Rockland County, New York.

8.  On or about January 16, 2003, Tenenbaum borrowed additional sums from First Financial making the aggregate amount loaned $245,000.00. Contemporaneously the parties entered a Consolidation, Extension and Modification Agreement.

9.  On or about January 16, 2003, Tenenbaum and entered into a mortgage agreement with First Financial to secure the Note ("Mortgage 2"), which Mortgage was recorded with the Clerk of Rockland County (at Instrument ID 2003-00027187).

10. Upon information and belief, First Federal assigned the Mortgage to Countrywide Home Loans, Inc., f/k/a Countrywide Funding Corporation ("Countrywide").

11. On or about January 7, 2004, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. forwarded a Satisfaction of Mortgage to the Rockland County Clerk's Office.

12. Upon information and belief, Countrywide merged into Bank of America, N.A. ("B of A")

13. Beginning in or around April, 2013, Bank of America transferred the servicing of certain of its mortgage loans to Nationstar Mortgage LLC

14. Subsequent to April, 2013, Nationstar commenced sending default notices to Tenenbaum.

15. Tenenbaum responded to the default letters by writing to Nationstar and B of A indicating that the Note had been paid, and a satisfaction of mortgage had been issued.

16. On August 14, 2013, B of A confirmed in writing that "our [B of A] records indicate that the loan was paid off on January 23, 2003, and the *Release of Lien* was forwarded for recording on January 7, 2004 to: Rockland County Clerk, 1 South Main Street, Suite 100, New City, NY 10956."

17. Upon information and belief, the Release of Lien was never recorded.

18. The mortgage lien remains a lien of record.

**FIRST CAUSE OF ACTION: QUIET TITLE**

19. Plaintiff repeats and reiterates all allegations heretofore set forth.

20. That this action is brought pursuant to Article 15, Section 1501 et seq the Real Property Actions and Proceedings Law of the State Of New York.

21. Plaintiff is informed and believes that Defendants claim an interest in the Real Property adverse to Plaintiff's title, pursuant to which defendants may seek to judicially foreclose upon the premises. The claims of Defendants are without any right and Defendants have no right, title, lien or interest in the premises, such that any attempted foreclosure on the premises is illegal and unlawful.

22. Based upon the foregoing, Plaintiff seeks a determination that he holds fee simple title to the Real Property free of one or more of the purported adverse claims of Defendants.

WHEREFORE, Plaintiffs demands judgment against Defendants as follows on the first cause:

A. On the first cause of action for a declaratory judgment declaring the validity or invalidity of the Mortgages of record;

B. On the First Cause of Action that the Defendants and all persons claiming under any invalid or satisfied mortgage be forever barred from any and all claims to an estate or interest in the Real Property.

C. Such other and further relief as this Court deems just and proper.

DATED:   December 23, 2013
             Goshen, New York

                                             Joseph J. Haspel, Esq.
                                             Attorneys for Plaintiff
                                             1 West Main Street
                                             Goshen, New York 10924
                                             845-294-8950

# EXHIBIT B

Graham H. Claybrook
S. Amy Spencer
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
gclaybrook@mcguirewoods.com
ASpencer@mcguirewoods.com

*Attorneys for Defendant Nationstar Mortgage LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ISAAC TENENBAUM, | : Index No. 036427/2013 |
| Plaintiff, | : **NOTICE TO STATE COURT OF** |
| -against- | : **REMOVAL TO FEDERAL COURT** |
| NATIONSTAR MORTGAGE and BANK OF AMERICA | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO THE CLERK OF COURT:

NOTICE IS HEREBY GIVEN that Nationstar Mortgage LLC ("Nationstar") by counsel, removed the above-captioned case to the United States District Court for the Southern District of New York on February 3, 2014. A copy of the Notice of Removal (without exhibits) is attached as Exhibit A.

WHEREFORE, Nationstar respectfully requests that this Court note the removal and proceed no further unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

Dated: New York, New York

February 3, 2014

*[signature: Amy Spencer]*
_____
Graham H. Claybrook
S. Amy Spencer
**McGuireWoods LLP**
1345 Avenue of the Americas, 7th Floor
New York, NY  10105-0106
gclaybrook@mcguirewoods.com
ASpencer@mcguirewoods.com

*Counsel for Defendant*
*Nationstar Mortgage LLC*

TO:
Joseph J. Haspel, Esq.
1 West Main Street
Goshen, New York 10924
*Attorney for Plaintiff*

2